UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EDMOND ROARTY,

                      Plaintiff,

  vs.

| | |
|---|---|
| AFA PROTECTIVE SYSTEMS, INC., RAYMOND S. GREENBERGER, PHILIP KLEINMAN, REGINALD C. MILLER, in their individual capacities and in their capacities as Trustees and Plan Administrators of the AFA Retirement Plans, JOHN DOE, [the committee Appointed by the Board of Directors of AFA Protective Systems, Inc.], BOARD OF DIRECTORS OF AFA PROTECTIVE SERVICES, INC., PENSION PLAN FOR HOURLY UNION EMPLOYEES OF AFA PROTECTIVE SYSTEMS, INC., and AFA PROTECTIVE SYSTEMS, INC. FUNDED PENSION PLAN NOS. 1 and 2, | **MEMORANDUM & ORDER**<br>06- 0152 (DRH)(WDW) |

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

**THOMPSON WIGDOR & GILLY LLP**
Attorneys for Plaintiff
350 Fifth Avenue, Suite 5720
New York, New York 10118
By: Scott Browning Gilly, Esq.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants
250 Park Avenue
New York, New York 10177
By: Clare M. Sproule, Esq.

**HURLEY, Senior District Judge:**

Presently before this Court is Defendants' motion to dismiss the Amended Complaint in this action. For the reasons set forth below, the motion is DENIED.

*BACKGROUND*

The following facts are taken from the Amended Complaint, dated May 10, 2006 (the "AC"):

Plaintiff commenced this action under the Employees Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et seq., asserting claims for violation of "statutory provisions" and "clarification of rights to" pension benefits, as well as breaches of fiduciary duties. AC ¶ 1. Named as defendants are his former employer, AFA Protective Systems, Inc. ("AFA"), the "Pension Plan for Hourly Union Employees of AFA Protective Systems, Inc." and "AFA Protective Systems Inc. Funded Pension Plan Nos. 1 and 2" (collectively "Defendant Plans"), as well as the Trustees and Administrators of the Plans, and AFA's Board of Directors.

Plaintiff is a former employee of Defendant AFA Protective Systems, Inc. ("AFA") having worked "on and off for over forty quarters. His last date of service was sometime in late December 1986." *Id.* at ¶ 14. Prior to his last employment with AFA, Plaintiff was informed that his prior employment would be "bridged" with his then new employment so as to make him "vested" within the meaning of the Defendant Plans. *Id.* at ¶ 15. Defendant Plans are employee benefit pension plans within the meaning of ERISA. *Id.* at ¶ 11. As a result of his employment as both an hourly and managerial employee with AFA, Plaintiff asserts he was eligible to

2

participate in the Defendant Plans and having worked for AFA for "over forty quarters (ten years)" "was entitled to benefits under some, if not all, of the Defendant Plans." *Id.* at ¶16.

The Amended Complaint goes on to recite Plaintiff contacts with AFA to inquire about his pension benefit. In February and March 2005, Plaintiff contacted the Company and requested all relevant plan documents. Initially, he was told AFA had no record of his employment requiring him to supply AFA with his Social Security employment records which according to the complaint "demonstrated that Plaintiff was employed by the Company for over forty (40) quarters (i.e. at least ten years) — and therefore entitled to benefits under some, if not all of the Defendant Plans." *Id.* at ¶¶ 17-19. Plaintiff was then advised that he was not entitled to benefits under the provision of the "negotiated Funded Pension Plan covering him and other union employees in effect during his employment" without reference to any other Company-sponsored benefit plan. *Id.* at 20. After Plaintiff requested, on June 17, 2005, a copy of the Plan documents and submitted a formal claim for benefits under Defendant Plans, he was advised that he was not entitled to any pension benefits because he never satisfied the vesting requirements. *Id.* at ¶¶ 22-23. After several "appeals", Plaintiff still did not receive the Plan documents or benefits he sought. *Id.* at ¶¶ 23 - 32. Thereafter this action was commenced. Among other things, Plaintiff claims that the Defendants used deficient denial letters by failing to comply with the claims procedure set forth in ERISA and the Defendant Plans; failed to administer the Defendant Plans in accordance with the plans' written documents; failed to provide Plaintiff with relevant plan documents upon his request; and committed procedural irregularities in the determination of his claim for benefits. Defendants move to dismiss the Amended Complaint on the ground that Plaintiff lacks statutory standing.

3

DISCUSSION

The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir.2006). Nonetheless, "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Investment Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006).

In construing a complaint on a Rule 12(b)(6) motion, the Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

ERISA creates a right of action only for participants, beneficiaries, and fiduciaries of covered benefits plans. 29 U.S.C. § 1132(2)(3); *Mass Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 139-40 (1985); *Nechis v. Oxford Health Plans,* 421 F.3d 96, 101 (2d Cir. 2005). A plaintiff

4

must fit within one of these categories in order to have standing to sue under ERISA. *Connecticut v. Physicians Health Serv.,* 287 F.3d 110, 112 (2d Cir. 2002). The statute itself defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan. . . ." 29 U.S.C. § 1002(7). In *Firestone Tire & Rubber v. Bruch,* 489 U.S. 101 (1989), the Court held that with respect to former employees "the term participant is naturally read to mean former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Id.* at 117. "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply, does not fit within the phrase 'may become eligible.'" *Id.*

Plaintiff has alleged sufficient facts, which if true, are sufficient to demonstrate standing as he has set forth a "colorable claim to vested benefits." As set forth above, Plaintiff alleges he worked for AFA for a total of over forty quarters, with his last date of service in late 1986. He was informed at the time he last became employed at AFA that his prior employment would be bridged so as to make him vested in either the union employee plan or the managerial plan. He asserted that based on his forty quarters of employment he is entitled to benefits under some, if not all, of the Defendant Plans, which are employee benefit pension plans within the meaning of ERISA. In sum, Plaintiff has alleged a colorable claim for benefits.

The "basic standing issue is whether the plaintiff is 'within the zone of interests ERISA was intended to protect.'" *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 668 (2d Cir. 1994) (quoting *Vartanian v. Monsanto Co.*, 14 F.3d 697, 701 (1st Cir. 1994). "A colorable claim is one that is arguable, not frivolous." *Reid v. The Local 966 Pension Fund,* 2004 WL 2072086 at *4

5

(S.D.N.Y. 2004) (quoting *Pawloski v. Blue Cross & Blue Shield of Western New York,* 2001 U.S. Dist. Lexis 1129 at *4 (W.D.N.Y. 2001)). "At the pleading stage . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation, brackets, and internal quotation marks omitted).

Defendants argue that Plaintiff has no colorable claim because "once a plan supplies a potential participant with an [summary plan description] prepared pursuant to ERISA and makes a determination that they are not eligible for benefits, it is incumbent on the potential participants to assert reasons refuting the basis advanced by the plan for denying eligibility or advance arguments favoring eligibility on other grounds." Defendants' Mem at p. 11. According to Defendants, the failure to do either creates a "rebuttable presumption that the determination is correct unless shown through facts or argument to be otherwise." Defendants' Reply Mem. at p.6.

Here, given the absence of even a summary plan description covering Plaintiff's period of employment and the allegations in the Amended Complaint, Plaintiff's claim that he has more than forty quarters (ten years) of service and is fully vested cannot be called frivolous. The summary plan description submitted by Defendants provides that it is effective January 1, 1989. It states that if you terminated employment before January 1, 1989 and have at least ten years of service you are fully vested. It then goes on to state that the "rules of the Plan in effect prior to January 1, 1989 will determine whether you lose years of service due to breaks in service that took place prior to January 1, 1989." *See* Affirmation of Clare M. Sproule, Ex. 6 at p. 12. It

does not, however, state what the rules regarding break-in service were prior to January 1, 1989. Plaintiff's breaks in service, and indeed, his entire period of service, occurred prior to January 1, 1989 and no plan documents have been submitted describing what the rules regarding break in service and/or vesting were at that time. At the present time, based on this record, it appears that Plaintiff has a colorable claim to vested benefits.

Moreover, *Saladino v. I.L.G.W.U. Nat'l Retirement Fund,* 754 F.2d 473 (2d Cir. 1985), relied on by Defendants, did not create any "rebuttable presumption." In *Saladino*, the plaintiff, who had been a union member, requested information on how to apply for a pension. The plan responded that he was not eligible and provided him with a copy of the summary plan description. When his requests for a copy of the actual plan were repeatedly denied, the *Saladino* plaintiff commenced a class action alleging that the plan was not complying with ERISA's disclosure requirements and thus breached its fiduciary duties. *Id.* at 474-475. The action was settled with the plaintiff dropping his non-disclosure claims but retaining, among other things a claim for attorney's fees. *Id.* at 475- 476. It was in the context of denying the motion for attorney's fees that the Second Circuit noted that the summary plan description which was provided to him before the litigation *and which was not contradicted by the various information provided thereafter* made it amply clear that the plaintiff was not eligible for a pension. As the Second Circuit stated "it [was] undisputed that he lacks any colorable claim to eligibility, a fact made apparent to him by the summary plan description . . . ." *Id.* at 477.

The *Saladino* Court did not hold, as Defendants claim, that an ERISA plan can create a rebuttable presumption that an potential participant lacks a colorable claim merely by determining an employee is not vested and providing a summary plan description. Rather the

7

*Saladino* Court held that, because only participants or beneficiaries are entitled to plan documents, the time for measuring whether a claim for plan documents is colorable is at the time the request for the information is made. *Id*. at 477. *See Reid,* 2004 WL 2072086 at * 4. The *Saladino* Court expressly preserved a court's ability to "reexamine a litigant's status under a plan." 754 F.2d at 477 n. 5.

As set forth above, this case is distinguishable from *Saladino*. Here, the summary plan description submitted does not make apparent that Plaintiff lacks a colorable claim. The summary plan description states that employees who terminated before January 1, 1989 need ten years of service to be fully vested and Plaintiff has alleged he has ten years of service. The summary plan description does not state what the rules for breaks in service were prior to January 1, 1989 and the Court will not speculate as to what those rules provide.

Regardless of the outcome of this action, plaintiff has alleged sufficient facts in his complaint to present a colorable claim that he is a participant. *Cf. Laniok v. Advisory Committee of the Brainerd Manufacturing Company Pension*, 935 F.3d 1360, 1364 (2d Cir. 1991). Whether or not he will ultimately sustain his claim is a question for another day.

## *CONCLUSION*

Defendants' motion to dismiss the amended complaint is DENIED.

Dated: Central Islip, New York
      November 20, 2006

                                              /s/
                                     Denis R. Hurley
                                     United States Senior District Judge